**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CHASE EPPS (M25818),           )
                                      )
          Petitioner,         )
                                      )      No. 25-cv-13028
          v.               )
                                      )      Judge April M. Perry
ANTHONY WILLS, Warden,     )
Menard Correctional Center,    )
                                      )
          Respondent.     )

## OPINION AND ORDER

Chase Epps ("Petitioner") brings this *pro se* habeas corpus action under 28 U.S.C. § 2254 challenging his sentence in the Circuit Court of Cook County, Illinois, for felony domestic battery and further complaining about his conditions of confinement. Doc. 6. Specifically, Petitioner alleges: (1) a violation of his right to due process; (2) an *ex post facto* violation; (3) cruel and unusual punishment under the Eighth Amendment; and (4) confinement beyond his sentence. *Id*. at 5-6. Respondent argues that Petitioner's claims are untimely under 28 U.S.C. § 2244(d), procedurally defaulted, and otherwise non-cognizable. Doc. 14. For the following reasons, the Court agrees with Respondent. This petition is denied, and the Court declines to issue a certificate of appealability.

## BACKGROUND

Petitioner was arrested on December 21, 2019, Doc. 6 at 8, and charged with five counts of domestic battery and aggravated domestic battery. Doc. 15-1 at 5. He subsequently pled guilty to one count of domestic battery and was sentenced to a six-year term of incarceration and one year of mandatory supervised release ("MSR"). *Id*. at 3. On July 13, 2021, Petitioner vacated his plea and entered into a revised plea agreeing to a four-year term of incarceration and four years

of MSR. *Id*. at 2; Doc. 6 at 8. At that time, Petitioner received credit for 570 days time served. Doc. 6 at 8. Petitioner therefore served only an additional five months in prison before he was released on MSR. *Id*. at 13. Two and a half years after his release, Petitioner was arrested for aggravated battery and his MSR was revoked on August 13, 2024. *Id*. at 13-14. Petitioner did not appeal any of his sentences or file any post-conviction petitions in state court. *Id*. at 2-4.

## ANALYSIS

Petitioner claims that he is entitled to habeas corpus relief because: (1) at the time of his revised plea he was under the impression that he would be sentenced to a four-year term of incarceration with one year of MSR, not four years of MSR, and therefore he is now serving a sentence longer than his plea contemplated; and (2) his crime carried a maximum sentence of six years, and, therefore a sentence of eight years (presumably counting both the term of incarceration and MSR) is impermissible as a matter of law. *See id*. at 5-6. Petitioner also alleges that he has been subjected to extreme isolation and retaliation while incarcerated. *Id*. at 6. For the reasons set forth below, the Court determines that it cannot consider Petitioner's claims on the merits because they are procedurally defaulted, untimely, or not otherwise cognizable in a habeas corpus action.

## I.    Petitioner's Claims Are Procedurally Defaulted

State prisoners who believe they are in custody in violation of federal law may bring a habeas petition in federal court pursuant to 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). However, the prisoner must first exhaust his claims in state court. *See Shinn v. Ramirez*, 596 U.S. 366, 377 (2022); 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the state court be given a "full and fair opportunity" to resolve Constitutional claims before they are presented to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means

that the claims must go through "one complete round" of state court review either on direct appeal or via a post-conviction proceeding. *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). If a habeas petitioner has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). In considering a petition for habeas corpus, a court cannot reach the merits of a claim if it is procedurally defaulted "because an unexcused procedural default ends the case." *Williams v. Buss*, 538 F.3d 683, 686 (7th Cir. 2008).

In this case, Petitioner concedes that he did not appeal or otherwise seek post-conviction review of his state sentences in state court,[1] Doc. 6 at 2-4, and the period to file an appeal or post-conviction petition has now passed. *See People v. Lozada*, 753 N.E.2d 383, 388 (Ill. App. Ct. 2001) (noting that defendants have thirty days from imposition of their sentence to appeal); *People v. Berrios*, 902 N.E.2d 141, 145 (Ill. App. Ct. 2009) ("[I]f a defendant did not file a direct appeal, he may file a post-conviction petition no later than three years from the date of the conviction."). Therefore, because Petitioner has not properly exhausted his claims and no longer has an available state court remedy, his claims are procedurally defaulted.

A federal court can excuse procedural default only if a petitioner shows cause for the default and actual prejudice, or demonstrates a fundamental miscarriage of justice. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Cause is based on the existence of an external factor

---

[1] Petitioner submits as exhibits a series of grievances submitted to the Illinois Department of Corrections, along with evidence of attempted or actual correspondence with the Parole Review Board, the U.S. District Court for the Northern District of Illinois, and the Office of the Governor of Illinois. *See* Doc. 6 at 19-56. It appears that Petitioner did try to escalate at least one grievance to the Administrative Review Board, however, such appeal is related to "RH standards and lack of recreation time." *Id.* at 27. These materials do not support exhaustion of Petitioner's sentencing-related claims because they are not actions before a state court. To the extent Petitioner intended to challenge revocation of his MSR or calculation of good-conduct credits, he has not exhausted his administrative remedies and therefore cannot now bring a federal habeas corpus action on that basis. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992).

that prevented the petitioner from properly exhausting his claim. *Love v. Vanihel*, 73 F.4th 439, 446-47 (7th Cir. 2023). Specifically, a petitioner must "show that the factual or legal basis for a claim was not reasonably available" or "that some interference by officials made compliance impracticable." *Id*. at 447 (internal quotations omitted). Examples of cause include *Brady* violations, *Strickler v. Greene*, 527 U.S. 263, 283-89 (1999), exceedingly novel constitutional claims, *Reed v. Ross*, 468 U.S. 1, 16 (1984), or ineffective assistance of counsel in violation of the Sixth Amendment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In turn, actual prejudice requires not that "the errors … created a *possibility* of prejudice, but rather that the constitutional violation worked to their *actual* and substantial disadvantage." *Kustok v. Mitchell*, 99 F.4th 1066, 1074 (7th Cir. 2024).

Petitioner here makes no showing of either cause or prejudice. To be sure, he states that he did not seek leave to appeal his sentence because he was "under the impression" that he had received a sentence of "4 [years] at 50% with 1 year parole." Doc. 6 at 3. Petitioner writes in the same section of the petition "[d]ue to ineffective," but does not finish the sentence. *Id*. To the extent Petitioner meant to suggest that he had ineffective counsel at the time of sentencing, he does not provide any further allegations or evidence for the Court to consider, which is not enough for Petitioner to meet his burden. Finally, Defendant was not prejudiced because under Illinois law a four-year term of MSR for felony domestic battery is mandatory. *See* 730 ILCS 5/5-8-1(d)(6).

Similarly, Petitioner's default cannot be excused due to a fundamental miscarriage of justice. "The miscarriage-of-justice-exception applies when the petitioner can demonstrate that he is actually innocent." *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). Specifically, actual innocence requires a showing that in light of new evidence, "no reasonable juror would

4

have found the defendant guilty." *Arnold v. Richardson*, 14 F.4th 780, 785 (7th Cir. 2021).

Petitioner does not raise any arguments regarding his underlying conviction or guilt, and the

Court will not make such arguments for him. *See Ouska v. Cahill-Masching*, 246 F.3d 1036,

1050 (7th Cir. 2001) (noting that petitioner has the burden to excuse default). Therefore,

Petitioner's claims are procedurally defaulted without cause, and the Court cannot proceed to

reach the underlying merits of his claims.

**II.     Petitioner's Challenges to his Sentence Are Untimely**

Although the petition can be resolved on procedural default alone, for completeness the

Court also briefly addresses the timeliness of Petitioner's sentencing claims. 28 U.S.C. §

2244(d)(1) provides a one-year statute of limitations for § 2254 habeas corpus petitions, and sets

forth various triggers that start the running of the statute of limitations clock. *See* 28 U.S.C. §

2244(d)(1)(A)-(D).

Here, Respondent argues that Petitioner's claims are untimely under § 2244(d)(1)(A),

which dictates that the limitation period begins on "the date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review." Under

§ 2244(d)(1)(A), the relevant start-date for statute of limitations purposes would be August 12,

2021, because Petitioner did not appeal his conviction or sentence and his time for doing so

expired thirty days after his sentence was entered. *See Lozada*, 753 N.E.2d at 388. This would

mean this petition should have been brought by August 12, 2022. Given that this action was not

filed until October 2025,[2] Respondent argues the petition is clearly too late.

Viewing the facts in the light most favorable to Petitioner, there is another possible date

from which the statute of limitations could have begun to run. Under § 2244(d)(1)(D), the statute

---

[2] The petition in this case was received on October 21, 2025 and filed on October 27, 2025. Doc. 6. at 1.

of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In this case, Petitioner alleges that he believed at the time of his sentencing that his MSR term was only one year. Setting aside for a moment the question of when, exactly, Petitioner should have discovered that his MSR term was actually four years, Petitioner certainly knew by the time his MSR was revoked on August 13, 2024. Doc. 6 at 13-14. One year from August 13, 2024 is August 12, 2025. Therefore, even under the most favorable interpretation of the facts, the latest Petitioner could have timely filed for relief was August 13, 2025. Petitioner signed the petition on October 1, 2025, *id*. at 7, well over a month after the deadline. [3] For these reasons, the Court finds that Petitioner's due process and *ex post facto* challenges to his sentence are untimely.

### III.     Petitioner's Conditions of Confinement Claim is Not Cognizable

Finally, Respondents argue that Petitioner's challenge to his conditions of confinement as cruel and unusual punishment are not cognizable under 28 U.S.C. § 2254 as a matter of law. The Court agrees in part. "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement" fall outside of habeas corpus review and must instead be brought under 42 U.S.C. § 1983. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). However, actions that challenge the "fact or duration" of confinement are traditionally considered appropriate for habeas relief. *See, e.g.*, *Clark v. Thompson*, 960 F.2d 663, 664 (7th Cir. 1992). In this case, Petitioner's Eighth Amendment claim includes both types of allegations. In particular, he brings this claim because "the sentence imposed is not the sentence being upheld and now exceeds the time that has been

---

[3] The Court can sometimes apply equitable tolling in exceptional circumstances where claims would otherwise be untimely. *Holland v. Fla*., 560 U.S. 631, 645 (2010). Equitable tolling does not apply here because there was not an extraordinary circumstance preventing Petitioner from making a timely filing. *See id*. at 649.

imposed by the court," *and* because he is "being subjected to extreme isolation," "every time [he talks] to staff about it they put a ticket on [him]," and "[he's] being told [he's] crazy and laughed at by staff." Doc. 6 at 6. Therefore, putting aside the merits of these claims, while Petitioner's allegations regarding isolation and retaliation are not cognizable in this proceeding, the length of his sentence and incarceration are not necessarily so as a matter of law.[4] That said, for the reasons explained above, Petitioner's claims related to his sentencing are otherwise untimely and procedurally defaulted, so his Eighth Amendment claim cannot proceed.

### IV.    Denial of Certificate of Appealability and Notice of Appeal Rights

The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds, the petitioner must show "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (internal quotations omitted). The Court does not believe Petitioner has met that burden, for the reasons stated above.

Petitioner is advised that this is a final decision ending his case in this Court. If he wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until

---

[4] The Court notes that Petitioner has also filed a Section 1983 action, which appears to challenge these same conditions of confinement. *See Epps v. Gaughan et al.*, Case No. 25-cv-13017 (N.D. Ill.).

the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied, and the Court declines to issue a certificate of appealability. The Clerk is instructed to enter judgment in favor of Respondent and against Petitioner. Civil case terminated.

Dated: March 19, 2026

APRIL M. PERRY
United States District Judge